## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH GRACE, PLAINTIFF IN ERROR.

Submitted December 8, 1922—Decided March 5, 1923.

1. Under chapter 349 of *Pamph. L.* 1921, *p.* 951, the court of review weighs the evidence in the same manner as upon a rule to show cause in a civil case where the reason assigned is that the verdict is against the weight of the evidence. The mere fact that the number of defendant's witnesses exceed those for the state is no ground for setting aside a verdict against the defendant. To justify the setting aside of a verdict as against the weight of the evidence, it must be so clear as to give rise to an inference that it was the result of mistake, passion or prejudice.

2. A trial judge in his charge may call attention to any matter affecting the credibility of the witnesses, and may comment upon the testimony, and intimate an opinion as to its weight, whenever he thinks it necessary for the promotion of justice, so long as he fairly leaves the jury to determine the facts and to draw their own conclusions as to the credibility of the witnesses and the weight of the testimony.

3. On the trial of an indictment for the robbery of a person of $12,000 it was competent for the state to show by a witness that about a week before the robbery, the defendant asked him "whether he wanted to make $5,000," since it was relevant as tending to show that prior to the crime the accused had in mind and considered the probability or possibility of its commission and its weight was for the determination of the jury.

4. In reviewing a criminal case the court will not consider a matter which is neither assigned as error nor specified as a cause for reversal.

5. The exclusion of testimony on a trial for crime, which could not have prejudiced the accused in maintaining his defence on the merits, will not justify a reversal.

On writ of error to the Bergen County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Ziegener & Lane (Harry Lane* on the brief).

For the state, *Archibald C. Hart,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.  Grace, the plaintiff in error, was indicted with two others for robbery.  The trial judge directed an acquittal of the others, and Grace was convicted by the jury. Grace prosecutes this writ of error, and the case comes up on strict bill of exceptions, and also on the entire record pursuant to the statute.

The testimony established that one Lawson, at eleven o'clock in the morning of August 5th, 1921, was held up on the public highway and robbed of $12,000, his employer's payroll. Crann, one of Lawson's fellow employes, who was riding with him in the automobile, and who was a witness at the trial, identified the defendant Grace as one of the robbers.  Grace was arrested on August 9th, 1921, and, at the trial, attempted to prove an *alibi.*

The defendant (pursuant to chapter 349 of *Pamph. L.* 1921 *p.* 951) assigns as error that the verdict is against the weight of the evidence, and his argument is that the weight of the evidence shows that he was elsewhere when the crime was committed.  But we do not take that view.  The only basis for the argument is that the witnesses for the defendant outnumbered the witnesses for the state upon that topic.

But under that statute the court of review weighs the evidence in the same manner as upon a rule to show cause in a *civil case* where the reason assigned is that the verdict is against the weight of the evidence.  *State* v. *Morehous,* 97 *N. J. L.* 285; *State* v. *Fischer, Id.* 34; *affirmed, ante, p.* 293.  The mere fact that the number of the defendant's witnesses exceed those for the state is no ground for setting aside a verdict against the defendant.  *Bowell* v. *Public Service Corporation,* 77 *N. J. L.* 231; *Campbell* v. *Del. & Atl. Tel. Co.,* 70 *Id.* 195.  To justify the setting aside of a verdict as against the weight of the evidence, it must be so clear as to give rise to an inference that it was the result of mistake, passion or prejudice.  *Queen* v. *Jennings,* 93 *Id.* 353; *Floersch* v. *Donnell,* 82 *Id.* 357.  Tested by these rules, and considering the interest of the defendant's *alibi* witnesses in the controversy, their opportunity for knowledge of the sub-

ject, the influence under which they were testifying, and having due regard to the manifest inherent infirmity of the testimony of several of them, we cannot say that the verdict was against the weight of the evidence.

The next point is that the charge of the court was erroneous. We think not. The argument is that the judge gave improper credence and emphasis to the testimony of one of the state's witnesses, and "cast doubt upon the *alibi* witnesses." Now a careful reading of the charge shows that this complaint is not well founded either in law or in fact. The rule is that a trial judge in his charge may call attention to any matter affecting the credibility of the witnesses, and may comment upon the testimony, and intimate an opinion as to its weight, whenever he thinks it necessary for the promotion of justice, as long as he fairly leaves the jury to determine the facts and draw their own conclusions as to the credibility of the witnesses and the weight of their testimony. *State* v. *Warady,* 77 *N. J. L.* 348, *affirmed,* 78 *Id.* 687. We think that the charge in question was well within that rule.

The next point is that the trial judge erroneously permitted a witness for the state to testify that, about a week before the robbery, the defendant asked him "whether he wanted to make $5,000," and afterwards refused to strike out such testimony. We think the testimony was relevant as tending to show that prior to the crime the accused had in mind and considered the probability or possibility of its commission, and its weight was for the determination of the jury.

The next point is that the court erroneously overruled this question put on the cross-examination of Crann, a witness for the state: "Do you know at times you find men that resemble one another?"

But that matter was neither assigned as error nor specified as a cause for reversal, and, hence, will not be considered. *State* v. *Shutts,* 69 *N. J. L.* 206. However, the defendant does specify as a cause for reversal that the following question was overruled: "Did you hear of any cases where men resemble one another?" That question we incline to think was

properly overruled as immaterial; but if it was competent the exclusion of the testimony could not have prejudiced the accused in maintaining his defence upon the merits, and will not justify a reversal. *Bodee* v. *State*, 57 *Id.* 140.

The foregoing conclusions dispose of all assignments of error and specifications of causes for reversal argued excepting two relating to the admission of evidence, and two relating to the exclusion of evidence. With respect to those it is sufficient to say that we incline to think that such rulings were right, but if technically erroneous were manifestly harmless.

The judgment will be affirmed.